**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OTTO GUILLERMO PENA-CHAVEZ;
MARIA DEL CARMEN PENA,

            Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

            Respondent.

No. 10-73559

Agency Nos. A070-452-339
           A072-402-161

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Otto Guillermo Pena-Chavez, a native and citizen of Guatemala, and Maria

Del Carmen Pena, a native and citizen of Mexico, petition for review of the Board

of Immigration Appeals' order dismissing their appeal from an immigration

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's decision denying their applications for cancellation of removal and denying Pena-Chavez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their qualifying relatives, and petitioners do not raise a colorable due process claim challenging this hardship determination. *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2009); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Accordingly, we dismiss the petition with respect to petitioners' cancellation of removal claim.

Substantial evidence supports the agency's denial of CAT relief because Pena-Chavez failed to demonstrate it is more likely than not he will be tortured by or with the acquiescence of the government if returned to Guatemala. *See Siyala v.*

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Accordingly, we deny the petition with respect to CAT relief.

With respect to Pena-Chavez's application for asylum and withholding of removal, substantial evidence does not support the agency's nexus finding regarding past persecution because Pena-Chavez's testimony established that the guerillas were motivated, at least in part, by his political opinion. *See Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (petitioner need only show the attackers were motivated at least in part by a protected ground).[1] Accordingly, we grant the petition with respect to asylum and withholding of removal, and remand for the agency to analyze the changed country conditions issue in accord with the proper burden of proof. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); 8 C.F.R. § 1208.13(b)(1)(i)(A) and (ii).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

[1]The "at least in part" standard of *Borja* has been superseded by the REAL ID Act, Pub.L. No. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005). Because Pena-Chavez filed his asylum application before May 11, 2005, however, we apply the pre-REAL ID standard.